## LIBERAL SAVINGS & LOAN CO v FRANKEL REALTY CO et

Common Pleas Court, Hamilton Co

Decided June 30. 1939

William R. Collins, Cincinnati, and David F. Naylor, Cincinnati, for plaintiff.

Fred Weiland, Cincinnati, for defendant, The Frankel Realty Company.

### OPINION

By SCHWAB, J.

This is an action for a declaratory judgment and for such further relief as the parties may be entitled to either in law or in equity, under the following fact situation:

On September 19, 1908, Christian Boss died owning the property set forth and described in the plaintiff's petition, and designated as No. 24-26 East Sixth Street, Cincinnati, Ohio. and by the terms of his will left his estate in trust for a period of twenty years from the date of his death, after which period distribution was to be made to his heirs. The trustees, under the terms of his will, were given full and complete power in the management of the property, and authorized to lease the same

for any term 'of years, or perpetually, with or without the privilege of purchase.

On September 3, 1927, the Fifth-Third Union Trust Company, one of the defendants herein, as the surviving trustee under the will of Christian Boss, deceased, leased the property in question to The Frankel Realty Company for a period of eleven years and one month, with the privilege of purchase for $600,-000, The Frankel Realty Company paying on account of said purchase price the sum of $75,000 at the time of entering into the lease. A year later, September 9, 1928, The Frankel Realty Company paid an additional $75,000, reducing the balance due to $450,000.

On June 8, 1929, The Frankel Realty Company sublet the first floor and basement of the property in question to the plaintiff herein for a period of twenty years, beginning January 1, 1929, the rental for the first ten years to be at the rate of $1,750 per month, and for the last ten years at the rate of $2,000 per month. Three days later, on January 11, 1929, the trust created under the will of Christian Boss having expired, according to the terms of the will, the Fifth-Third Union Trust Company, as trustee, conveyed the property to the heirs of Christian Boss, who are also made parties to this action. This conveyance was made subject to the lease of The Frankel Realty Company.

The lease from The Frankel Realty Company to the Liberal Savings & Loan Company, among other provisions, contained the following:

"Lessor covenants that it will exercise its privilege of purchasing the fee of the property hereby leased on or before September 10, 1933, and that if lessor fails to exercise said privilege, lessee may exercise the same, which right is hereby granted in the event of such failure."

The Frankel Realty Company failed to purchase the property on or before September 10, 1938. However, on September 7, 1938, it entered into an agreement with the heirs of Christian Boss

whereby the lease from the Fifth-Third Union Trust Company, as trustee, was extended for a period of three years, and on October 8, 1938, an agreement between the Boss heirs and the Frankel Realty Company was entered into modifying the extension of the original lease by providing:

"Lessors agree that should the leasehold created under the head lease as herein extended be conveyed to their nominee as provided under paragraphs 2 or 4 herein, lessors will further extend such headlease for such term of years as may be necessary to insure to the tenants or sub-lessees now in possession of any portion of the premises described in the head lease under subleases from the lessee herein as lessor, the possession and quiet enjoyment to which they may be entitled by virtue of any such sub-lease now in effect, and lessors will cause such nominee to assume and agree to carry out all obligations of the lessee herein as lessor under any such sub-lease in effect at the date at this extension agreement, or which may be subsequently entered into by the lessee herein in accordance with the provisions of paragraph 3 herein."

It is the contention of The Liberal Savings & Loan Company, the plaintiff herein, that The Frankel Realty Company had no authority to sub-lease the property for a period of twenty years when the lease under which they were holding was for a period of but eleven years, except, however, their agreement that during this eleven years they would exercise the privilege of purchase granted them under the terms of their lease; that but for this agreement of The Frankel Realty Company to purchase the property the plaintiff herein would not have entered into the lease for a period of twenty years, and would not have made substantial improvements to the property; that the failure to exercise the privilege of purchase constituted a breach of the lease, and that the extension for a period of three years obtained by The Frankel

Realty Company from the heirs of Christian Boss does not put The Frankel Realty Company in a position to carry out the covenants of its lease with the plaintiff.

The facts disclose that when the extention was granted The Frankel Realty Company by the heirs of Christian Boss the rental which The Frankel Realty Company had been paying of $26,250 per annum was reduced to $18,000 per annum, due in part to the payments which had been made by The Frankel Realty Company on the privilege of purchase.

It is the contention of the defendant, The Frankel Realty Company, that the plaintiff, The Liberal Savings & Loan Company, being now in possession of the property, can not question the title of its landlord.

This suit was filed on September 15, 1938, within five days after privilege of purchase granted The Frankel Realty Company in its original lease had expired. The prayer of this petition is for a declaratory judgment, and in the opinion of this court establishes the wisdom of the Declaratory Judgments Act.

Here a tenant, who had made substantial improvements to the property under his lease, is asking the court to declare by its judgment its rights under the facts above enumerated.

The basic idea of the Declaratory Judgments Act is to relieve parties from acting at their peril in order to establish legal rights. If the tenant being of the opinion that his landlord has breached his lease vacates the premises only to find later that the court holds there has been no breach. of course, his loss is considerable. It was to prevent such loss and the necessary interruption to business that the Declaratory Judgments Act was passed.

The Frankel Realty Company by way of cross-petition herein is seeking a judgment against the plaintiff for the rent due under the terms of the lease.

The plaintiff in its petition claims that there has been a violation of the lease with respect to sewer lines under the following provision of the lease:

"Lessor agrees to furnish main sewer lines properly vented in accordance with the city regulations for the installation of toilet and washrooms in the northeast corner of the first floor as well as toilet and washroom facilities in the northwest corner of that portion of the basement which is herein leased."

Under the evidence submitted with reference to this claim the court is of the opinion that there has been no violation of the terms of the lease.

Coming now to consider the rights of the parties, the court is of the opinion that by the failure of The Frankel Realty Company to exercise its privilege of purchase on or before the 10th day of September, 1938, its lease from the Fifth-Third Union Trust Company, as trustee, terminated, and that the sublease of The Liberal Savings & Loan Company likewise terminated.

The Frankel Realty Company by violating its agreement procured relief under its new agreement with the heirs of Christian Boss by a reduction in its rental. To hold that The Liberal Savings & Loan Company is liable on the agreement which The Frankel Realty Company breached would permit The Frankel Realty Company to profit by its wrong.

The court will therefore declare by its judgment that The Liberal Savings & Loan Company is a trespasser upon the property in question, or, at best, is a tenant by sufferance, liable for the period of its occupancy since September, 1938, for the reasonable rental value of the premises.

The court will therefore deny the relief prayed for by The Frankel Realty Company in its cross-petition, and having declared the rights of the parties herein, will leave them to exercise these rights by appropriate actions at law.